[Civ. No. 6271.   Third Appellate District.—June 19, 1939.]

FRANK L. TAYLOR et al., Respondents, v. VERNON L. KISNER, Appellant.

Marvin C. Hix for Appellant.

Williamson & Wallace for Respondents.

TUTTLE, J.—This is an action to quiet title to real property. Defendant filed a cross-complaint, praying for a declaratory judgment to the effect that he is owner of said property. Judgment went for plaintiffs, and all relief was denied defendant. The appeal is from the judgment.

The sole ground urged for reversal is alleged error arising out of the exclusion of evidence sought to be introduced by defendant.

The controversy arose over the proposed sale of the real property by plaintiffs to one M. T. Minney. The former held title as trustees for Bay Farm Island Bondholders' Committee. Most of the negotiations were held between W. F. Williamson, attorney for plaintiffs, and Minney. No formal contract was ever executed, the contention of appellant being that the several letters between the parties and to the title company constituted a contract of sale. It was the contention of respondents that no such contract ever was entered into, and that they merely granted an option to purchase the property. In any event, the negotiations finally resulted in the depositing in escrow by respondents of a deed to the property, with instructions to deliver the same to Minney upon the payments of certain amounts on the purchase price upon certain dates. Appellant failed to make the payments as specified, and respondents took the position that the option was terminated, and brought this action. The trial court found for plaintiffs on all issues, and the findings are not assailed here. Defendant is the assignee of Minney.

At the trial plaintiffs proved their record title. Defendant called Minney as a witness to support the allegations of his cross-complaint that there was a contract of sale and purchase, and rested. Plaintiffs, in defense to the cross-complaint, called attorney Williamson, who testified that there had been some discussion of an "option" between him and

Minney. After plaintiffs had rested, defendant again called Minney to the witness stand, and the following question was asked him: "Mr. Minney, did you ever at any time have any conversation with Mr. Williamson respecting an option to buy this property?" An objection was sustained, upon the ground that the subject had already been covered. Respondents contend that the ruling was without prejudice for the reason that the proffered evidence was cumulative. They call attention to the fact that the witness had previously appeared as a witness for appellant and had been asked several times to state any conversations he had with Williamson in respect to the property. For instance, counsel for appellant asked this question of witness Minney: "Now, Mr. Minney, you had some conversation, did you not, with Williamson respecting this property?" No objection was made, and the witness was permitted to answer in respect to any such conversations. Shortly thereafter, this witness was again interrogated concerning another conversation with Williamson. It would thus appear that the proposed question called for evidence upon a matter which had been quite thoroughly gone into and exhausted. Williamson had testified to all conversations had between him and Minney. It is true that the testimony sought to be brought out is rebuttal in its nature. However, the question had, in effect, already been asked and answered previously when appellant put on his case under the cross-complaint, and it would inure to his benefit with the same potency as though it were introduced in rebuttal. We cannot say that any prejudice resulted from the ruling. Whether or not the parties labeled the transaction as an "option" or as a "contract" is not the important consideration. The letters and other writings are the controlling elements here, and they point very definitely to the conclusion which the trial court reached—that there was no *agreement* of purchase and sale, but merely an *option*. The contention is without substantial merit.

The judgment is affirmed.

Pullen, P. J., and Thompson, J., concurred.